IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSANNE KERN and KAREN THARP, : | |
|     Plaintiffs, : | No. 3:08-cv-1601 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| SCHUYKILL INTERMEDIATE : | (Magistrate Judge Prince) |
| UNIT 29 and GERALD ACHENBACH, : | |
|     Defendants : | |

## MEMORANDUM ORDER

Presently pending before the Court is the Report and Recommendation of Magistrate Judge William T. Prince addressing Defendants' motion for summary judgment, (Doc. No. 49), along with Plaintiffs' objections, (Doc. No. 50), and Defendants' response, (Doc. No. 51). The Court will adopt the recommendation in full, but will write briefly to address Plaintiffs' objections.[1]

This case concerns a civil action in which Plaintiffs have alleged claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 et seq.; 42 U.S.C. § 1983; and the Due Process Clause of the Fourteenth Amendment. Plaintiffs were both employees of Defendant Schuykill Intermediate Unit. On June 1, 2007, Plaintiffs were involved in a water gun fight in the halls of the school with other employees. Plaintiff Kern contends that the discipline that resulted against her from

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the R & R, the Court is to make a de novo determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1).

1

the incident was the result of gender and disability-based discrimination. Likewise, Plaintiff Tharp has alleged that she was disciplined as a result of gender-based discrimination.

The factual details and legal standards governing this case are comprehensively set forth in Judge Prince's report and need not be reproduced here. In his report, Judge Prince recommends that summary judgment be granted in favor of Defendants as to all claims. Plaintiffs have put forward objections to Judge Prince's dismissal. Although the objections are without merit, the Court will write briefly to address each of Plaintiffs' objections.

Plaintiffs' first objection is that the report "contained an error of law" by deeming certain facts admitted because Plaintiffs failed to follow Local Rule 56.1. See M.D. Pa. L.R. 56.1 (stating that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party"). Plaintiffs contend that Judge Prince should have relied on the deposition transcripts of Plaintiffs which indicated that Brent Borzak, a school administrator, had used a squirt gun the year before without any disciplinary consequences. (Doc. No. 50 at 1-3.) Likewise, Plaintiffs' second objection is that although the report states that Plaintiffs "failed to provide evidence that they were treated differently from male employees," their deposition testimony "indicate[s] otherwise." (Id. at 3.) Specifically, Plaintiffs have argued that three male employees used water guns on June 1, 2007, but that the men received no discipline for their involvement.

These first two objections by Plaintiffs are without merit. Judge Prince's report credited Plaintiffs' deposition testimony that Borzak and other male employees had used squirt guns on school grounds. However, as Judge Prince recognized in his report, "Plaintiffs did not identify

2

such employees . . . to Defendants, nor have any such individuals voluntarily come forward." (Doc. No. 49 at 13.) Simply put, although Plaintiffs have provided their own deposition testimony that male employees were involved in the actions of June 1, 2007, they have not put forward any evidence that Defendants were made aware of that fact at the time Defendants were reprimanded. Rather, as Judge Prince noted, "the only individuals observed on the surveillance cameras and brought to the attention of Defendants were Plaintiffs and one other female employee . . . ." (Doc. No. 49 at 14.) Likewise, Plaintiffs have not put forward any evidence that Defendants were aware of the activity of Borzak, whose alleged actions in the previous year were also "distinguishable because . . . surveillance cameras were not in place . . . ."[2] (Doc. No. 49 at 17.)

Plaintiffs' third objection is that the report "places a higher burden on the Plaintiffs to establish a case of gender discrimination than that which is required under Third Circuit standards." (Doc. No. 50 at 3-4.) This objection is completely without merit. In his report, Judge Prince correctly outlined and applied the four-part prima facie case that a plaintiff must establish under McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). (See Doc. No. 49 at 9-14.) Likewise, even after finding that Plaintiffs had failed to make their prima facie case, Judge Prince still underwent the McDonnell Douglas burden-shifting framework to find that Defendants had a legitimate non-discriminatory reason for their actions and that Plaintiffs failed to establish pretext. (See Doc. No. 49 at 15-19.) Plaintiffs provide no basis for the Court to

---

[2] Furthermore, the Court agrees with Judge Prince's assessment that Plaintiff Kern is not similarly situated to Borzak because "no one is alleged to have used water guns in the same situation as [Kern], *i.e.* with a history of citations for unprofessional conduct and a prior warning for such behavior." (Doc. No. 49 at 18.)

3

question this well-established legal framework as being a "higher burden."

Plaintiffs' fourth objection is that the report contains an error of law by indicating that Plaintiffs' evidence "fail[ed] to establish sufficiently adverse circumstances to justify a constructive discharge claim." (Doc. No. 50 at 4.) Plaintiffs contend that "[b]eing called in and suspended without prior notice . . . is indeed evidence of sufficiently severe behavior as to alter the conditions of employment."[3] (Id.) The Court finds no error in Judge Prince's assessment that Plaintiff Kern–who was not suspended–failed to identify an adverse employment action. (See Doc. No. 49 at 11.) Likewise, even if the suspension of Plaintiff Tharp was a sufficiently severe adverse employment action, Defendants have put forward a legitimate, non-discriminatory reason for their actions. In contrast, Plaintiffs have not put forward sufficient evidence that would allow the Court to find Defendants' legitimate, non-discriminatory reason was merely pretext. Therefore, the Court will not disturb the reasoned analysis of Judge Prince. (See Doc. No. 49 at 15-19.)

Plaintiffs' fifth objection is that the report commits an error by finding that under the school policy, a squirt gun could be viewed as a weapon on school property. (Doc. No. 50 at 5.) Plaintiffs argue that Judge Prince misused their concession that a squirt gun could be misinterpreted as threatening, because "[t]he same concession could be made of a kitchen utensil such as a fork, but even so, such a concession does not render the commonplace item into a 'weapon.'" (Id.) This argument is also without merit, to the point of being frivolous. As

---

[3] Plaintiffs also aver that Judge Prince "engaged in fact-finding that is prohibited under F.R.C.P. No. 56." (Doc. No. 50 at 4.) However, Plaintiffs seem to misunderstand the role of the court at the summary judgment stage. A court's determination over whether there is any genuine issue of material fact requires that the court find those facts that are not genuinely controverted by evidence on the record.

recognized by Judge Prince, Intermediate Unit Policy # 417 states that employees are not to have weapons on school property or engage in disruptive practices. (Doc. No. 49 at 15.) Whether a squirt gun was actually a weapon does not discount the legitimate, non-discriminatory purpose of taking action against classroom disruptions.

Plaintiffs' sixth objection takes issue with the report's recommendation that the procedural due process claim be dismissed because Plaintiffs failed to address it in their brief in opposition to the motion for summary judgment. (Doc. No. 50 at 5.) Arguing that "fairness dictates that [they] be accorded an opportunity to submit arguments on this point," Plaintiffs then proceed to make their legal argument. (Id. at 5-6.) However, the appropriate time for Plaintiffs to have made such a legal argument was before Judge Prince. Plaintiffs failed to avail themselves of that opportunity and therefore waived that claim. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'" (citation omitted)); Jiminez v. Barnhart, 47 F. App'x 684, 685 (3d Cir. 2002) ("[B]ecause Appellant raised the argument . . . for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived.") (citing Laborers' Int'l Union, 26 F.3d at 398); see also Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Plaintiffs' seventh objection takes issue with the report's finding that Plaintiffs failed to establish a deprivation of liberty interest claim. (Doc. No. 50 at 7-8.) As recognized by Judge Prince, to bring such a claim, a plaintiff must demonstrate "that the allegedly stigmatizing

information was published or otherwise disseminated by his . . . employer to the public." (Doc. No. 49 at 21 (quoting Chabal v. Reagan, 841 F.2d 1216, 1223 (3d Cir. 1988) (internal quotation marks and further citations removed).) Plaintiffs claim that they have alleged that "defendant made stigmatizing statements about them in a public facility." (Doc. No. 50 at 7.) Yet, quite simply, making a disparaging remark in a public facility is not the dissemination of information to the public. As recognized by Judge Prince in his report, the comments at issue in this case, in which Defendant Achenbach juxtaposed the appearance of carrying squirt guns to the tragedy that occurred at Columbine High School, were made in the context of a meeting between Plaintiffs and Achenbach. The Court agrees with Judge Prince's assessment that "Plaintiffs have produced no evidence that such statements were disseminated to the public . . . ." (Doc. No. 49 at 22.) Therefore, Plaintiffs' seventh objection is without merit.

In their final objection, Plaintiffs argue that the report commits an error of law regarding the issue of Defendant Achenbach's liability under the PHRA. (Doc. No. 50 at 8.) Plaintiffs have correctly assessed that the PHRA forbids "any person . . . to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." (Id. (quoting 43 Pa. Cons. Stat. § 955(e)).) However, because Plaintiffs have not put forward sufficient evidence that they were the victims of any unlawful discriminatory practice, there can be no liability against Defendant Achenbach. Therefore, Plaintiffs' eighth and final objection also fails.

**AND NOW**, on this 13th day of September 2010, upon consideration of Magistrate Judge Prince's Report and Recommendation and Plaintiffs' objections, it is **HEREBY ORDERED THAT** the report is adopted in full. Accordingly, summary judgment is granted in

favor of Defendants.  The Clerk of Court is directed to close this case.


                                                                        S/ Yvette Kane
                                                                         Yvette Kane, Chief Judge
                                                                         United States District Court
                                                                         Middle District of Pennsylvania